CARY JOY ECONOMOU (SBN 211438)
Ceconomou@lockelord.com
RICARDO LOPEZ (SBN 315839)
Ricardo.lopez@lockelord.com
LOCKE LORD LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Plaintiff
Evanston Insurance Company

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LIQUIDAGENTS HEALTHCARE LLC; NANCY WILLE, R.N.; JAE KANG and HELENA KANG, Individually and as Parents and Next Friends of FRANCES MARIE KANG,<br><br>Defendants. | **CIVIL ACTION NO.**<br>**'19CV1860 BEN MSB**<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Evanston Insurance Company ("Evanston"), through its undersigned attorneys, brings this action for declaratory relief against LiquidAgents HealthCare LLC ("LiquidAgents"), Nancy Wille, R.N. ("Nurse Wille"), Jae Kang and Helena Kang, individually and as Parents and Next Friends of Frances Marie Kang, and states:

# PARTIES

1. Evanston is an Illinois corporation with its principal place of business and center of operations in Deerfield, Illinois.

2. Liquid Agents HealthCare LLC is a limited liability company with its principal place of business in Plano, Texas. The two members of Liquid Agents HealthCare, LLC are both citizens of Texas. As a limited liability company takes the citizenship of its members, Liquid Agents HealthCare LLC is a citizen of Texas.

3. Nancy Wille, R.N. is an individual who is a domiciliary and citizen of Iowa.

4. Jae Kang and Helena Kang, individually and as Parents and Next Friends of Frances Marie Kang, are husband and wife and citizens of California. Frances Marie Kang, the living daughter of Mr. and Mrs. Kang, is a domiciliary and citizen of California.

## JURISDICTION & VENUE

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1332(a) because the parties are citizens of different States and/or foreign states, and the amount in controversy exceeds $75,000.00.

6. Venue is appropriate pursuant to 28 U.S.C. Section 1391(b)(3) because it is a district in which certain defendants are subject to the Court's personal jurisdiction with respect to this action.

## FACTS

**A.  Evanston issued an insurance policy to LiquidAgents.**

7. LiquidAgents is in the business of providing job placement services to healthcare providers.

8. On December 1, 2016, Evanston issued an insurance policy to LiquidAgents. More specifically, Evanston issued the Specified Medical Professions Insurance Policy, No. SM917252 on a claims-made basis for the period December 1, 2016 to December 1, 2017 (the "Policy"). A true and correct copy of the Policy is attached as Exhibit A.

9. The Policy includes only those Coverage Parts purchased by the Insured LiquidAgents, which were: (Coverage Part A) Specified Medical Professions Professional Liability Insurance Coverage Part – Claims Made Coverage (the "PL Coverage Part"), and (Coverage Part C) Specified Medical Professions General Liability Insurance Coverage Part – Occurrence Coverage (the "GL Coverage Part").

10. The PL Coverage Part has Limits of Liability for each Claim of $1,000,000 and in the aggregate of $3,000,000. The PL Coverage Part Deductible is $25,000 each Claim.

11. The GL Coverage Part has Limits of Liability as follows: Coverage A.: $1,000,000 each Occurrence and $50,000 Damage to Premises – Any One Premises; Coverage B.: $1,000,000 each Person or Organization; and Coverage C.: $5,000 each Injured Person. The aggregate for All Coverages of the GL Coverage Part is $3,000,000. The deductibles for the above-reference Coverage Parts is $25,000 Coverage A. Each Occurrence and $25,000 Coverage B. Each Person or Organization.

12. The Professional Services listed in Item 4.A. of the Declarations are: Allied Healthcare Medical Services. The Specified Products, Goods, Operations or Premises listed in Item 4.B. of the Declarations are: Healthcare Staffing Agency; all related premises and operations of the Insured.

**B.     LiquidAgents filed a claim under the Policy.**

13.     On December 14, 2016, Jae and Helena Kang filed a lawsuit in Iowa District Court, Dubuque County, Case No. LACV105551 (the "Kang Lawsuit"). The Kang Lawsuit named LiquidAgents and Nurse Wille as defendants, among others.

14.     The Kang Lawsuit alleges that Helena Kang and her daughter, Frances, sustained physical injuries related to Frances' birth at Finley Hospital in Dubuque, Iowa.  More specifically, the Kang Lawsuit alleges:

   a.   Helena Kang was admitted to Finley Hospital on June 15, 2015, while 42 weeks pregnant;

   b.   Helena Kang was started on a Pitocin induction shortly after being admitted;

   c.   Nurse Wille was the overnight nurse responsible for the care of Helena Kang;

   d.   On June 16, 2015, it became apparent that Helena Kang had received a higher dosage of Pitocin than prescribed;

   e.   That same day, a doctor examined Helena Kang and determined that Frances Kang should be delivered by cesarean section;

   f.   Helena Kang required a blood transfusion during the delivery;

   g.   After delivery, Frances Kang developed unilateral seizure activity and was ultimately transferred to the University of Iowa Hospitals and Clinics;

   h.   On June 18, 2015, Frances Kang had a brain MRI, and the radiologist's impression was listed as "Findings consistent with profound hypoxic ischemic encephalopathy in a full-term infant;"

i. Frances Kang continues to experience health problems consistent with profound hypoxic ischemic encephalopathy;

j. As to Nurse Wille, it is alleged that she was negligent by: failing to verify the correct dose of Pitocin administrated to Helena Kang; failing to monitor the Pitocin while it was administered; failing to interpret the fetal monitor strips properly; failing to recognize hyperstimulation of the uterus; failing to stop the Pitocin when hyperstimulation occurred; failing to perform intake of IV fluids at shift's end; and failing to report the Pitocin overdose, hyperstimulation, and unreassuring fetal monitor strips; and

k. As to LiquidAgents, it is alleged that LiquidAgents is vicariously liable for Nurse Wille's negligent failure to provide proper medical care.

15. LiquidAgents has sought defense and indemnification for the Kang Lawsuit under the Policy for itself and Nurse Wille. Evanston agreed to provide a defense to the Kang Lawsuit on behalf of LiquidAgents and Nurse Wille.

16. To the extent Mr. and Mrs. Kang are successful in the prosecution of the Kang Lawsuit, there is a potential that Mr. and Mrs. Kang, individually, and as parents and next friends of Frances Marie Kang, may become a judgment creditor seeking coverage for any potential judgment under the Policy.

C. **Knowledge of the Kang Claim before inception of the Policy.**

17. On July 18, 2018, Nurse Wille was deposed in the Kang Lawsuit.

18. Nurse Wille testified that she became aware of the alleged Pitocin infusion error on June 19, 2015 – long before the Policy's inception date of December 1, 2016.

19.     Nurse Wille also testified that she discussed the Pitocin infusion error with the Charge Nurse and Finley Hospital's Risk Manager, among others, in June 2015.

20.     Nurse Willie was aware that Frances Marie Kang developed seizure activity following her delivery, which warranted the transfer of the baby to a higher acuity neonatal medical center at the University of Iowa.

21.     The Kang Lawsuit alleges that the alleged Pitocin infusion error resulted in Mr. and Mrs. Kang's child, Frances Kang, suffering from seizure activity and cognitive impairments due to hypoxic ischemic encephalopathy.

**D.     The Policy does not cover the Kang Claim and/or Kang Lawsuit.**

22.     The Kang Claim and/or Kang Lawsuit does not fall within the parameters for coverage under the Policy for several reasons.

23.     The Insuring Agreement of the Policy's PL Coverage Part is only triggered if, prior to the Policy's effective date, the insured had no knowledge of an act, error or incident which may lead a reasonable person in the insured's position to conclude that a claim under the Policy was likely.  Nurse Wille was aware of the alleged Pitocin infusion error.  As an experienced labor and delivery nurse, Nurse Wille would reasonably foresee that the Pitocin infusion error could result in injury to a newborn, and based on such injury, conclude that a claim, including a lawsuit by the Kang family, was likely.  The Insuring Agreement of the PL Coverage Part is not triggered, and the Policy does not provide coverage.

24.     The PL Coverage Part does not apply to "[a]ny Claim brought under any other Coverage Part of this Policy."  Even if the Insuring Agreement of the PL Coverage Part was implicated, to the extent the Insured is seeking coverage under the GL Coverage Part as well as the PL Coverage Part, there is no coverage under the PL Coverage Part pursuant to the express terms of the Policy.

25.     For there to be coverage under the Policy's GL Coverage Part, the Policy requires that the insured have no knowledge of the Bodily Injury or Occurrence prior to the inception of the Policy and the "entirety of the Bodily Injury or Property Damage and Occurrence" must happen during the Policy Period.  Here, the Policy Period ran from December 1, 2016 to December 1, 2017.  As referenced above, Nurse Wille was aware of the Bodily Injury and Occurrence in June 2015, and the alleged Bodily Injury for the Kang Claim began in June 2015 – more than a year before the Policy Period began.  Consequently, the GL Coverage Part's Insuring Agreement has not been triggered and does not provide coverage for the Kang Claim and/or Kang Lawsuit.

26.     The Policy's GL Coverage Part excludes coverage for any claim "arising out of or in any way involving an act, error or omission in the performance of services of a professional nature rendered or that should have been rendered by the Insured or by any person or organization for whose acts, errors, or omissions the Insured is legally responsible" [Exclusion A.2.] and "[b]ased upon or arising out of Bodily Injury sustained by any patient, person or resident of a facility receiving services of a professional nature or any such Claim brought by or on behalf of the spouse, child, parent, grandparent, brother, sister or partner of such patient, person or resident of a facility." [Exclusion B.16.]  The Kang Claim includes allegations that Nurse Wille's purported negligence in performing professional services resulted in injuries to Helena and Frances Kang.  Such injuries are excluded from coverage under the Policy's GL Coverage Part's straightforward language.

27.     Finally, to the extent coverage is sought under the PL Coverage Part, there is no coverage under the GL Coverage Part based on the application of Exclusion A.9.

28. The Policy does not contain a severability of interests provision, and the definition of "Insured" includes both, the Named Insured, LiquidAgents, and past Employees, which includes Nurse Wille.

29. By letter dated July 29, 2019, Evanston informed LiquidAgents and Nurse Wille that Evanston will continue to pay reasonable and necessary Claims Expenses, however, Evanston reserves its right to limit or deny indemnity coverage available for the Kang Claim and/or Kang Lawsuit under the Policy.

## CLAIM FOR DECLARATORY RELIEF

30. Evanston incorporates by reference, as if set forth fully herein, the allegations of the preceding paragraphs.

31. As a result of the foregoing matters, an actual and justiciable controversy exists between Evanston, on the one hand, and LiquidAgents and Nurse Wille, Jae Kang and Helena Kang, individually and as Parents and Next Friends of Frances Marie Kang, on the other hand, regarding the application of coverage and indemnity under the Policy.

32. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§2201, 2202, Evanston seeks a declaration from the Court finding that Evanston has no obligation to provide indemnity coverage to LiquidAgents and/or Nurse Wille and/or Mr. and Mrs. Kang, individually and as parents and next friends of Frances Marie Kang, under the Policy with respect to all factual events arising from and related to the Kang Claim and/or the Kang Lawsuit.

## CONDITIONS PRECEDENT

33. All conditions precedent to Evanston's right to maintain this suit have either been performed, satisfied, or waived.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Evanston Insurance Company respectfully requests that Defendants LiquidAgents HealthCare LLC, Nancy Wille, R.N., Jae Kang and Helena Kang, individually and as Parents and Next Friends of Frances Marie Kang, be cited to appear and answer as required by the Federal Rules of Civil Procedure, and that the Court enter a judgment in favor of Evanston as requested herein, and awarding Evanston all such other and further relief to which it is entitled.

Dated: September 30, 2019

**LOCKE LORD LLP**

/s/ Cary Joy Economou
Cary Joy Economou
ceconomou@lockelord.com
Ricardo Lopez
Ricardo.lopez@lockelord.com

*Counsel for Plaintiff*
*Evanston Insurance Company*